

faegredrinker.com

**Sarah L. Brew**
Partner
sarah.brew@faegredrinker.com
+1 612 766 7470 direct

Faegre Drinker Biddle & Reath LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
+1 612 766 7000 main
+1 612 766 1600 fax

September 14, 2020

The Honorable LaShann DeArcy Hall
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Figueroa v. Trader Joe's Company*, No. 1:20-cv-00322 (LDH-SMG) (E.D.N.Y.)

Dear Judge DeArcy Hall:

My firm represents the defendant in this action ("Trader Joe's"). I am writing to request a pre-motion conference regarding Trader Joe's anticipated motion to dismiss.

Plaintiffs Peter Figueroa and Veronica Sanders allege that the marketing and labeling of Trader Joe's Vanilla Almond Granola Cereal and Vanilla Almond Clusters Cereal (the "Products") is false and misleading "because the Products contains [sic] non-vanilla flavors, not disclosed to consumers, have less vanilla than consumers expect and their vanilla taste is provided by imitation vanilla flavor." (Am. Compl. ¶ 4.) In fact, the Products *are* naturally flavored, including with natural vanilla, and do not contain any synthetic vanilla flavoring. Plaintiffs have alleged no facts to support their conclusory assertion that the Products contain "imitation" vanilla flavor.

Plaintiffs claim they relied on the "vanilla" representation and paid a premium because of it. (*Id.* ¶¶ 69-70.) But they have not alleged any facts to support their assertion that the term "vanilla" on the package promises anything more than what they received—a naturally flavored product that they concede tastes like vanilla. To a reasonable consumer, that is all the term "vanilla" means: the Products taste like vanilla. No reasonable consumer would misunderstand this term to promise that the Products contained more vanilla than they actually contained.

The Amended Complaint—the entirety of which is couched "on information and belief"—mirrors nearly 90 other complaints that Plaintiffs' counsel has filed in this District and the Southern District of New York challenging the labeling of vanilla-flavored foods and beverages. One of those cases was recently dismissed for failure to state a claim. *Steele v. Wegmans Food Markets, Inc.*, 2020 WL 3975461, at *2 (S.D.N.Y. July 14, 2020). This case also should be dismissed.

I.     **Plaintiffs' Discussion of FDA Regulations Is Irrelevant.**

The Amended Complaint's lengthy discussion of FDA food labeling regulations and a trade journal article purporting to interpret those regulations is "without consequence" for

Plaintiffs' claims. *Steele*, 2020 WL 3975461, at *2. Plaintiffs cannot privately enforce the Food Drug and Cosmetic Act and its implementing regulations under the guise of a consumer fraud action. *Id.* (citing *PDK Labs Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997)). What matters in a consumer fraud action is not whether a technical regulation has been violated, but whether a reasonable consumer would be deceived. *Id.; see also Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp. 3d 177, 190-91 (E.D.N.Y. 2018) (even assuming violation of slack-fill regulations, no reasonable consumer would be misled); *Verzani v. Costco Wholesale Corp.*, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010) (allegation that shrimp cocktail was misbranded under FDA regulations did not support a GBL § 349 claim; rather, it "indicates that [plaintiff's] true purpose is to privately enforce alleged violations of the FDCA"), *aff'd,* 432 F. App'x 29 (2d Cir. 2011).

## II. The Complaint Fails to State a Claim Under NY GBL Sections 349 and 350.

"To successfully assert a claim under either [Section 349 or 350], a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). Plaintiffs' Amended Complaint fails to satisfy the second and third elements.

**Trader Joe's use of the term "vanilla" is not materially misleading.** A representation is materially misleading only when a "a reasonable consumer acting reasonably under the circumstances" would be misled. *Id.* The Second Circuit has said that "context is crucial" in this analysis. *Rivas v. The Hershey Co.*, No. 19-CV-03379, 2020 WL 4287272, at *5 (E.D.N.Y. July 27, 2020) (quoting *Geffner v. CocaCola Co.*, 928 F.3d 198, 200 (2d Cir. 2019)).

Here, no reasonable consumer would understand "vanilla," when used in context on the Products' labels, to identify the exclusive *ingredient* giving the Products their vanilla flavor. Instead, a reasonable consumer would understand the "vanilla" as one of the Products' characterizing *flavors* (another flavor being almond). There is no dispute that the Products are vanilla flavored, and that the flavor comes from natural ingredients. That is all a reasonable consumer would expect. *See Steele*, 2020 WL 3975461, at *2 (concluding as a matter of law that "vanilla" label was not deceptive where the ice cream was in fact vanilla flavored); *see also Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) (no reasonable consumer would believe a "Steak & Egg Breakfast Sandwich" contained an "intact" cut of meat); *Rivas*, 2020 WL 4287272, at *5 (no reasonable consumer would think "Kit Kat White" bars contained white chocolate).

**Plaintiffs have not adequately alleged injury.** Plaintiffs have not plausibly alleged that they received less than the full value of the cereal they purchased. They simply assert that the Products are sold for a "premium price" without providing any supporting facts, such as examples of comparable products with a lower price. These vague allegations of price premium are mere legal conclusions and are insufficient to allege injury. *See Colella v. Atkins Nutritionals, Inc.*, 348

Honorable LaShann DeArcy Hall                - 3 -                      September 14, 2020

F. Supp. 3d 120, 143 (E.D.N.Y. 2018); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016).

### III.   Plaintiffs' Other Claims Fail as a Matter of Law for Additional Reasons.

Plaintiffs' negligent misrepresentation claim fails because they do not allege any "special relationship" between themselves and Trader Joe's, *see Izquierdo*, 2016 WL 6459832, at *8 (citing *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996)), and because the claim is barred by the economic-loss doctrine, *see Elkind v. Revlon Consumer Prods., Inc.*, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015).

The express and implied warranty claims fail because Plaintiffs did not provide the required pre-suit notice. *See Colella*, 348 F. Supp. 3d at 143. The implied warranty claim also fails because Plaintiffs have not alleged the Products are unfit for human consumption. *See Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015).

The Magnuson-Moss Warranty Act ("MMWA") claim fails because "vanilla" is not a warranty under the MMWA, *see In re Frito-Lay N. Am. Inc. All Nat. Litig.*, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013), and because a MMWA claim must be dismissed if a plaintiff's state-law warranty claims are dismissed, *see In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016).

The common law fraud claim fails because Plaintiffs have not pleaded it with the required particularity, *see* Fed. R. Civ. P. 9(b), and have not alleged facts that "give rise to a strong inference of fraudulent intent," *see Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013).

Finally, the unjust enrichment claim fails because it either duplicates or replaces the other claims. *See Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (N.Y. 2012).

### IV.   Plaintiffs Lack Standing to Seek Injunctive Relief.

Plaintiffs lack standing to pursue injunctive relief because, having discovered the alleged "truth" about the Products, Plaintiffs are unlikely to purchase or be deceived by the Product again. *See Kommer v. Bayer Consum. Health*, 252 F. Supp. 3d 304, 310 (S.D.N.Y. 2017), *aff'd,* 710 F. App'x 43 (2d Cir. 2018); *see also Berni v. Barilla S.p.A.*, 964 F.3d 141, 147-48 (2d Cir. 2020).

                                                    Respectfully submitted,

                                                    Sarah L. Brew